IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| U.S. ALUMINUM EXTRUDERS COALITION,<br><br>and<br><br>UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION,<br><br>Plaintiffs,<br>v.<br><br>UNITED STATES,<br><br>Defendant. | Before: Hon. _____,<br>         Judge<br><br>Court No. 24-00209 |

## COMPLAINT

Plaintiffs, the U.S. Aluminum Extruders Coalition ("USAEC") and the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union ("USW") (collectively, "Plaintiffs" or "Petitioners"), by and through their attorneys, allege and state as follows:

### ADMINISTRATIVE DETERMINATION TO BE REVIEWED

1. Plaintiffs bring this complaint to contest certain portions of the U.S. International Trade Commission's (the "Commission") final negative determination in the antidumping and countervailing duty investigations of aluminum extrusions from China, Colombia, Ecuador, India, Indonesia, Italy, Malaysia, Mexico, South Korea, Taiwan, Thailand, Turkey, United Arab Emirates, and Vietnam. *Aluminum Extrusions from China,*

1

*Colombia, Ecuador, India, Indonesia, Italy, Malaysia, Mexico, South Korea, Taiwan, Thailand, Turkey, United Arab Emirates, and Vietnam*, 89 Fed. Reg. 92,720 (Int'l Trade Comm'n Nov. 22, 2024) (deters.) ("2024 Final Deter. FR Notice"); *Aluminum Extrusions from China, Colombia, Ecuador, India, Indonesia, Italy, Malaysia, Mexico, South Korea, Taiwan, Thailand, Turkey, United Arab Emirates, and Vietnam*, Inv. Nos. 701-TA-695-698 and 731-TA-1643-1644 and 1646-1657, USITC Pub. 5560 (Nov. 2024) (Final) ("USITC Pub. 5560").

## JURISDICTION

2. This Court has jurisdiction over this action to review the Commission's final determination as it applies to China, Colombia, Ecuador, India, Indonesia, Italy, Malaysia, South Korea, Taiwan, Thailand, Turkey, United Arab Emirates, and Vietnam pursuant to 28 U.S.C. § 1581(c), as this action is commenced under Sections 516A(a)(2)(A)(i)(I) and (B)(ii) of the Tariff Act of 1930, *as amended*, 19 U.S.C. § 1516a(a)(2)(A)(i)(I) and (B)(ii). The Commission's final determination applies to cumulated imports of subject merchandise from China, Colombia, Ecuador, India, Indonesia, Italy, Malaysia, Mexico, South Korea, Taiwan, Thailand, Turkey, United Arab Emirates, and Vietnam. Petitioners also intend to challenge the Commission's final determination as it applies to Mexico, which is a party to the United States-Mexico-Canada Agreement ("USMCA"), and provided timely notice of their intent to commence judicial review of the Commission's final determination accordingly on November 26, 2024, pursuant to 19 U.S.C. § 1516a(g)(3)(B) and the Rules of Procedure for USMCA Article 10.12 Binational Panel Reviews. The statute's provision of exclusive jurisdiction for binational panel review of determinations applicable to USMCA countries does not

apply to China, Colombia, Ecuador, India, Indonesia, Italy, Malaysia, South Korea, Taiwan, Thailand, Turkey, United Arab Emirates, and Vietnam, however, because these countries are not parties to USMCA. This Court therefore has jurisdiction over this action to review the Commission's final determination as it applies to these countries pursuant to 28 U.S.C. § 1581(c), as this action is commenced under Sections 516A(a)(2)(A)(i)(I) and (B)(ii) of the Tariff Act of 1930, *as amended*, 19 U.S.C. § 1516a(a)(2)(A)(i)(I) and (B)(ii).

## STANDING

3. Plaintiff USAEC is an association, a majority of whose members is composed of manufacturers in the United States of a domestic like product, and was a petitioner in the proceeding underlying this complaint. Plaintiff USAEC is thus an interested party within the meaning of 19 U.S.C. §§ 1561a(f)(3) and 1677(9)(F). Plaintiff USW is a certified union or recognized union or group of workers which is representative of an industry engaged in the manufacture, production, or wholesale in the United States of a domestic like product and was a petitioner in the proceeding underlying this complaint. Plaintiff USW is thus an interested party within the meaning of 19 U.S.C. §§ 1561a(f)(3) and 1677(9)(D). Accordingly, Plaintiffs have standing to commence this action pursuant to 28 U.S.C. § 2631(c) and 19 U.S.C. § 1516a(d).

## TIMELINESS OF ACTION

4. Plaintiffs commenced this action by filing a Summons on November 26, 2024, within 30 days after publication in the Federal Register of the Commission's final negative determination. Summons (Ct. Int'l Trade Nov. 26, 2024), ECF No. 1; 2024 Final Deter. FR Notice. Plaintiffs are filing this Complaint within 30 days after filing the Summons.

The Summons and Complaint are therefore timely filed pursuant to 19 U.S.C. § 1516a(a)(2) and Rules 3(a)(2) and 6(a) of this Court.

## HISTORY OF THE ADMINISTRATIVE PROCEEDING

5. The Commission published its notice of institution of investigations for aluminum extrusions from China, Colombia, Dominican Republic, Ecuador, India, Indonesia, Italy, Malaysia, Mexico, South Korea, Taiwan, Thailand, Turkey, United Arab Emirates, and Vietnam on October 13, 2023, following receipt of a petition filed with the Commission and the U.S. Department of Commerce by Petitioners on October 4, 2023. *See Aluminum Extrusions from China, Colombia, Dominican Republic, Ecuador, India, Indonesia, Italy, Malaysia, Mexico, South Korea, Taiwan, Thailand, Turkey, United Arab Emirates, and Vietnam*, 88 Fed. Reg. 71,020 (Int'l Trade Comm'n Oct. 13, 2023) (inst. of antidumping and countervailing duty invs. and scheduling of prelim. phase invs.).

6. On November 27, 2023, the Commission published its preliminary determination in these investigations. *Aluminum Extrusions from China, Colombia, Dominican Republic, Ecuador, India, Indonesia, Italy, Malaysia, Mexico, South Korea, Taiwan, Thailand, Turkey, United Arab Emirates, and Vietnam*, 88 Fed. Reg. 82,913 (Int'l Trade Comm'n Nov. 27, 2023) (deters.) ("2023 Final Deter. FR Notice"). The Commission found a reasonable indication that the domestic industry was materially injured by reason of subject imports from China, Colombia, Ecuador, India, Indonesia, Italy, Malaysia, Mexico, South Korea, Taiwan, Thailand, Turkey, United Arab Emirates, and Vietnam that are alleged to be dumped and to be subsidized by the governments of China, Indonesia and Mexico, and it thus made an affirmative preliminary determination with regard to such imports. *See id.*; *Aluminum Extrusions from China, Colombia, Ecuador,*

*India, Indonesia, Italy, Malaysia, Mexico, South Korea, Taiwan, Thailand, Turkey, United Arab Emirates, and Vietnam*, Inv. Nos. 701-TA-695-698 and 731-TA-1643-1657, USITC Pub. 5477 (Nov. 2023) (Prelim.) at 1 ("USITC Pub. 5477").  In particular, the record showed majority underselling by volume, with underselling in 74.9 percent of total reported subject import pricing volume.  *Id.* at 63.  The Commission found that subject imports had significant price effects on the domestic industry, including by underselling that resulted in subject imports gaining market share at the expense of the domestic industry.  *Id.* at 63-65.  The Commission also determined that there is a reasonable indication that an industry in the United States is threatened with material injury by reason of imports of aluminum extrusions from Turkey that are alleged to be subsidized by the government of Turkey and thus made an affirmative preliminary determination with regard to such imports.  *See* 2023 Final Deter. FR Notice; USITC Pub. 5477 at 1.

7. On December 20, 2023, the Commission transmitted draft final phase questionnaires to the parties and requested comment.  Letter from Nannette Christ, Dir., USITC Off. of Invs., to Counsel (Dec. 20, 2023).  Petitioners requested that the Commission collect purchase cost data from U.S. importers – as it has done in many prior cases – in addition to the traditional quarterly pricing product data, to more comprehensively assess pricing trends, including underselling, in the final phase of the investigations.  Petitioners' Comments on Draft Questionnaires, *Aluminum Extrusions from China, Colombia, Ecuador, India, Indonesia, Italy, Malaysia, Mexico, South Korea, Taiwan, Thailand, Turkey, United Arab Emirates, and Vietnam*, Inv. Nos. 701-TA-695-698 and 731-TA-1643-1644 and 1646-1657 (Final) (Feb. 2, 2024) at 5-6.  Petitioners explained with respect to this industry: "Many aluminum extrusions consumers in the United States act

5

      as direct importers of the extrusions for their own internal use or for retail sale. Those importers do not have commercial shipments of extrusions to unrelated U.S. customers and thus cannot (and did not in the preliminary phase) report pricing data as currently requested in section III-2 of the draft U.S. importers' questionnaire. Yet data on these import prices is still critically important to the Commission's investigation of subject import price effects." *See id.* The Commission declined to collect purchase cost data. USITC Pub. 5560 at 61, n.319.

8.     The parties filed prehearing briefs on September 24, 2024. Petitioners argued that the U.S. aluminum extrusions industry has been materially injured by dumped and subsidized extrusions from the subject countries and also faces a real and imminent threat of additional material injury by reason of subject imports if relief is not granted. In particular, Petitioners presented evidence that subject imports had adverse effects on U.S. prices, including by underselling the domestic like product, and had an adverse impact on the domestic industry. Prehearing Brief of USAEC and USW, *Aluminum Extrusions from China, Colombia, Ecuador, India, Indonesia, Italy, Malaysia, Mexico, South Korea, Taiwan, Thailand, Turkey, the United Arab Emirates, and Vietnam*, Inv. Nos. 701-TA-695-698 and 731-TA-1643-1644 and 1646-1757 (Final) (Sept. 24, 2024) at 72, 86. With respect to price effects, Petitioners highlighted numerous discrepancies and distortions in the pricing product data collected in the final phase of the investigation and noted that once corrected for the most obvious errors, the data show substantial underselling by subject imports, both by comparison and by volume, and that these unfairly priced subject imports suppressed and depressed U.S. producers' pricing. *Id.* at 78-82. Given the discrepancies, distortions, and the nature of the product, however, Petitioners argued

that the pricing product data is less probative and pointed the Commission to other substantial record evidence of underselling. *Id.* at 72-78.

9. The Commission held a hearing on October 1, 2024, and post-hearing briefs were filed on October 8, 2024. All four sitting Commissioners participated in the hearing. Petitioners again argued that subject imports materially injured the domestic industry and threaten U.S. extruders with additional material injury. With respect to price trends, Petitioners reiterated the numerous flaws in the pricing product data, many of which had gone uncorrected. Given this and the low coverage of the imports, Petitioners again pointed the Commission to the numerous pieces of evidence on the record demonstrating that subject imports undersold the domestic like product during the period of review ("POI") and had adverse price effects. Post-Hearing Brief of USAEC and USW, *Aluminum Extrusions from China, Colombia, Ecuador, India, Indonesia, Italy, Malaysia, Mexico, South Korea, Taiwan, Thailand, Turkey, the United Arab Emirates, and Vietnam*, Inv. Nos. 701-TA-695-698 and 731-TA-1643-1644 and 1646-1757 (Final) (Oct. 8, 2024) at 3-8. This included the following:

- Reporting of a majority of purchasers that subject imports were lower priced than U.S. extrusions.

- Reporting of purchasers that U.S. extrusions were inferior in price (*i.e.*, higher priced than) extrusions from all subject sources.

- A purchase cost data analysis compiled by Petitioners.

- AUV data showing that subject import were lower priced than U.S. producers' shipments.

- Significant testimony at the Staff Conference and Hearing establishing the extremely and unfairly low pricing of subject imports.

- The U.S. Department of Commerce's dumping margins, finding nearly all subject country imports to be dumped, at margins up to 605 percent.

- Significant lost sales and revenues by U.S. producers.

- New, additional evidence of customers specifically and frequently informing U.S. producers that subject imports were priced lower than the U.S. extrusion prices.

*See* Petitioners' Post-Hearing Brief at 4-8; *see also* Petitioners' Prehearing Brief at 72-77.

10. Petitioners also presented evidence that subject import underselling, not alleged domestic producer supply constraints, caused the market share shifts during the POI, and that subject imports had an adverse impact on the domestic industry. *Id.* at 8-14. Petitioners also presented evidence that disproved many of respondents' allegations of domestic producer supply constraints. *Id.* at 11-12.

11. The Commission issued the final staff report on October 17, 2024, which it revised on October 23, 2024, and parties filed final comments on October 25, 2024. *See* USITC Pub. 5560 at 5, n.6; Final Comments of USAEC and USW, *Aluminum Extrusions from China, Colombia, Ecuador, India, Indonesia, Italy, Malaysia, Mexico, South Korea, Taiwan, Thailand, Turkey, the United Arab Emirates, and Vietnam*, Inv. Nos. 701-TA-695-698 and 731-TA-1643-1644 and 1646-1757 (Final) (Oct. 25, 2024) ("Petitioners' Final Comments"). Petitioners argued that the record continues to support Petitioners' arguments, including with respect to price effects and alleged supply constraints. *See* Petitioners' Final Comments at 1-3. The Commission staff recognized certain errors in the data and attempted to reach out to parties and made numerous corrections. *See, e.g.*, USITC Pub. 5560 at 64, n.334; 100. Petitioners noted in their final comments, however, that most of the flaws had not been corrected in the final staff report. In addition, prior to issuing the final staff report, the Commission accepted a questionnaire response from an additional importer. Shortly prior to the deadline for final comments, that importer revised its reporting. This single importer's submissions had a significant impact on the

8

underselling data. As such, Petitioners argued that the pricing product data continued to be flawed and of limited probative value. *Id.* at 6-7. Petitioners argued that the Commission should place less weight on the pricing product data and rely on other substantial record evidence showing that subject imports undersold the domestic like product and had adverse price effects on the domestic like product, as the agency has done in the past. *See id.* at 8-9. After parties filed final comments, the Commission revised the final staff report on October 30, 2024. USITC Pub. 5560 at 64, n.334 ("{P}ricing data were revised in a revision memo issued on October 30, 2024, after an importer contacted the Commission to explain an error in its questionnaire response."). The Commission's revisions to the final staff report showed the sensitivity of the pricing product data, which further demonstrated the poor coverage and unreliability of the data.

12. The Commission voted on October 30, 2024. Commissioners Johanson and Kearns voted in the negative. Chair Karpel voted in the affirmative and issued separate and dissenting views with respect to certain aspects of material injury. Commissioner Schmidtlein participated throughout the investigation and in the hearing on October 1, 2024, but recused herself for the vote. *See id.* at 1; Summary Voting Sheet, U.S. International Trade Commission, *Aluminum Extrusions from China, Colombia, Ecuador, India, Indonesia, Italy, Malaysia, Mexico, South Korea, Taiwan, Thailand, Turkey, United Arab Emirates, and Vietnam*; Inv. Nos. 701-TA-695-698 and 731-TA-1643-1644 and 1646-1657 (Final). Petitioners learned of this recusal only after the Commission's vote had been announced.

13. The two Commissioners in the majority concluded that the domestic industry is not materially injured by reason of subject imports. While the Commission found the volume

9

of subject imports to be significant in absolute terms and relative to consumption in the United States, the Commission disagreed with Petitioners that this volume of subject imports had significant price effects and a significant adverse impact on the U.S. aluminum extrusions industry. *See id.* at 59.

14. With respect to price effects, the Commission found that subject imports did not significantly undersell the domestic like product and did not depress or suppress prices for the domestic like product to a significant degree. *Id.* at 59-69. The Commission concluded that the pricing product data is probative and found the data to show predominant overselling by subject imports. *Id.* at 61-62. The Commission dismissed other evidence of underselling cited by Petitioners. *See id.* at 61-65. Chair Karpel in separate and dissenting views found that the record as a whole supports a finding that subject imports undersold the domestic like product to a significant degree, causing the domestic industry to lose market share to subject imports, and had significant price effects. *See id.* at 93-102.

15. With respect to impact on the domestic industry, the Commission concluded that there is not a causal nexus between subject imports and declines in the domestic industry's performance during the POI. The Commission found that the declines in U.S. extruders' output and financial indicators are explained by domestic industry supply constraints in 2021 and 2022 and decline in apparent U.S. consumption and an increase in nonsubject imports' market share from 2022 to 2023. *Id.* at 69-80. Chair Karpel in separate and dissenting views found that subject imports had a significant adverse impact on the domestic industry. In particular, Chair Karpel found that domestic industry supply constraints do not account for the market share shift from the domestic industry to subject

        imports during the POI to such an extent that subject imports are not a cause of material injury. *See id.* at 107-112. She reasoned that all market participants reported supply constraints during the POI, including U.S importers, and that supply constraints reported by U.S. producers decreased markedly as the POI progressed. *Id.* at 107-108.

16. The Commission also found that the domestic industry is not threatened with material injury by reason of subject imports. The Commission did not find a likelihood of substantially increased subject imports in the imminent future and found that subject imports are unlikely to enter at prices that would be likely to have a significant depressing or suppressing effect on domestic prices or that are likely to increase demand for subject imports, and also that subject imports are not likely to have a significant adverse impact on the domestic industry in the imminent future. *Id.* at 89-91.

## CLAIMS AND BASES FOR RELIEF

### Count I

17. Petitioners hereby reallege and incorporate by reference paragraphs 1 through 16.

18. The Commission's determination that the U.S. aluminum extrusions industry was not materially injured by reason of subject imports was not supported by substantial evidence and was otherwise not in accordance with law.

### Count II

19. Petitioners hereby reallege and incorporate by reference paragraphs 1 through 18.

20. The Commission's determination that subject imports did not significantly undersell the domestic like product was not supported by substantial evidence and was otherwise not in accordance with law.

### Count III

21. Petitioners hereby reallege and incorporate by reference paragraphs 1 through 20.

22. The Commission's determination that subject imports did not have significant adverse price effects on the domestic industry was not supported by substantial evidence and was otherwise not in accordance with law.

### Count IV

23. Petitioners hereby reallege and incorporate by reference paragraphs 1 through 22.

24. The Commission's determination that alleged domestic industry supply constraints caused the domestic industry's decline in performance was not supported by substantial evidence and was otherwise not in accordance with law.

### Count V

25. Petitioners hereby reallege and incorporate by reference paragraphs 1 through 24.

26. The Commission's determination that there was not a causal nexus between subject imports and declines in the domestic industry's performance was not supported by substantial evidence and was otherwise not in accordance with law.

### Count VI

27. Petitioners hereby reallege and incorporate by reference paragraphs 1 through 26.

28. The Commission's determination that subject imports did not have a significant adverse impact on the domestic industry was not supported by substantial evidence and was otherwise not in accordance with law.

### Count VII

29. Petitioners hereby reallege and incorporate by reference paragraphs 1 through 28.

30. The Commission's determination that subject imports do not threaten the domestic industry with material injury in the imminent future was not supported by substantial evidence and was otherwise not in accordance with law.

## REQUEST FOR JUDGMENT AND RELIEF

For the reasons stated in this Complaint, Plaintiffs respectfully requests that the Court:

1) Hold that the Commission's final negative determination in the investigation of *Aluminum Extrusions from China, Colombia, Ecuador, India, Indonesia, Italy, Malaysia, Mexico, South Korea, Taiwan, Thailand, Turkey, United Arab Emirates, and Vietnam* is unsupported by substantial evidence and otherwise not in accordance with law; and

2) Remand the final determination to the Commission for disposition consistent with the Court's final opinion.

Respectfully submitted,

*/s/ Robert E. DeFrancesco, III*
Robert E. DeFrancesco, Esq.
Alan H. Price, Esq.
Laura El-Sabaawi, Esq.
Enbar Toledano, Esq.
Elizabeth S. Lee, Esq.

**WILEY REIN LLP**
2050 M Street NW
Washington, DC 20036
(202) 719-7000

*Counsel to U.S. Aluminum Extruders Coalition and the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union*

Dated: December 24, 2024

# CERTIFICATE OF SERVICE

PUBLIC SERVICE

*U.S. Aluminum Extruders Coalition and the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union*
*v.*
United States
**Court No. 24-00209**

I certify that a copy of this public submission was served on the following parties, via certified mail, or via registered international mail (*), on December 24, 2024.

/s/ Elizabeth S. Lee
Elizabeth S. Lee, Esq.

Bernd G. Janzen
**Akin Gump Strauss Hauer & Feld LLP**
2001 K Street, NW
Washington, DC 20006

Matthew R. Nicely
**Akin Gump Strauss Hauer & Feld LLP**
2001 K Street, NW
Washington, DC 20006

Kelly A. Slater
**Appleton Luff Pte. Ltd.**
1025 Connecticut Avenue, NW
Suite 1000
Washington, DC 20036

John M. Gurley
**ArentFox Schiff LLP**
1717 K Street, NW
Washington, DC 20006

Mary Buchzeiger
**Lucerne International, Inc.**
40 Corporate Drive
Auburn Hills, MI 48326

Daniel J. Porter
**Curtis, Mallet-Prevost, Colt & Mosle LLP**
1717 Pennsylvania Avenue, NW
Washington, DC 20006

Justin Becker
**Baker McKenzie**
815 Connecticut Avenue, NW
Washington, DC 20006

Caitlin Hickey
**Delegation of the European Union**
2175 K Street, NW
Washington, DC 20037

*Helin Ocal
**European Aluminium Association**
Avune Des Nerviens 85
Brussels, Belgium

Shara L. Aranoff
**Covington and Burling LLP**
One City Center
850 Tenth Street, NW
Washington, DC 20001

| | |
|---|---|
| Daniel B. Pickard<br>**Buchanan Ingersoll & Rooney PC**<br>1700 K Street, NW<br>Suite 300<br>Washington, DC 20006 | Richard P. Ferrin<br>**Faegre Drinker Biddle & Reath LLP**<br>1500 K Street, NW<br>Suite 100<br>Washington, DC 20005 |
| Mark Ludwikowski<br>**Clark Hill PLC**<br>1001 Pennsylvania Avenue, NW<br>Suite 1300, South<br>Washington, DC 20004 | Andrew T. Schutz<br>**Grunfeld, Desiderio, Lebowitz, Silverman & Klestadt LLP**<br>1201 New York Avenue, NW<br>Suite 650<br>Washington, DC.20005 |
| Jonathan T. Stoel<br>**Hogan Lovells US LLP**<br>555 Thirteenth Street, NW<br>Columbia Square<br>Washington, DC 20004 | Kristin H. Mowry<br>**Mowry & Grimson, PLLC**<br>5335 Wisconsin Avenue, NW<br>Suite 810<br>Washington, DC 20015 |
| Jeffrey Neeley<br>**Husch Blackwell LLP**<br>1801 Pennsylvania Avenue, NW<br>Suite 1000<br>Washington, DC 20006 | Gregory L. Ewing<br>**Potomac Law Group PLLC**<br>1717 Pennsylvania Avenue, NW<br>Suite 1025<br>Washington, DC 20006 |
| Neil R. Ellis<br>**Law Office of Neil Ellis PLLC**<br>5335 Wisconsin Avenue, NW<br>Suite 440<br>Washington, DC 20015 | Michael J. Lowell<br>**Reed Smith LLP**<br>1301 K Street, NW<br>Suite 1000 – East Tower<br>Washington, DC 20005 |
| *Antonino Bertoni<br>**Ministry of Economy of Mexico**<br>Pachuca 189, Col. Condesa<br>C.P. 06140, Cuauhtemoc<br>Mexico City, Mexico | *Burak Guresci<br>**Republic of Turkiye**<br>T.C. Ticaret Bakanligi<br>2176. SK. No: 63 06530 Cankaya, Ankara<br>Turkey |
| *Natan Kambuno<br>**Ministry of Trade of Republic of Indonesia**<br>Jl. M.I. Ridwan Rais No. 5<br>2nd Building, 10th Floor<br>Central Jakarta, DKI Jakarta<br>Indonesia | Jack A. Levy<br>**Rock Creek Trade LLP**<br>900 19th Street, NW<br>Suite 600<br>Washington, DC 20006 |

| | |
|---|---|
| Eugene Degnan<br>**Morris, Manning & Martin, LLP**<br>1333 New Hampshire Avenue, NW<br>Suite 800<br>Washington, DC 20036 | Kristen Smith<br>**Sandler Travis & Rosenberg, P.A.**<br>1300 Pennsylvania Avenue, NW<br>Suite 400<br>Washington, DC 20004 |
| Brady W. Mills<br>**Morris, Manning & Martin, LLP**<br>1333 New Hampshire Avenue, NW<br>Suite 800<br>Washington, DC 20036 | Camelia C. Mazard<br>**Doyle, Barlow & Mazard PLLC**<br>1825 K Street, NW<br>Suite 950<br>Washington, DC 20006 |
| Warren E. Connelly<br>**Trade Pacific PLLC**<br>700 Pennsylvania Avenue, SE<br>Suite 500<br>Washington, DC 20003 | Jeremy W. Dutra<br>**Squire Patton Boggs (US) LLP**<br>2550 M Street, NW<br>Washington, DC 20037 |
| Robert A. Shapiro<br>**Thompson Coburn LLP**<br>1909 K Street, NW<br>Suite 600<br>Washington, DC 20006 | Stephanie Hartmann<br>**WilmerHale LLP**<br>2100 Pennsylvania Avenue, NW<br>Washington, DC 20037 |
| Attorney in Charge<br>International Trade Field Office<br>**U.S. Department of Justice**<br>Civil Division<br>Room 346, Third Floor<br>26 Federal Plaza<br>New York, NY 10278 | Supervising Attorney<br>Civil Division<br>Commercial Litigation Branch<br>**U.S. Department of Justice**<br>P.O. Box 480<br>Ben Franklin Station<br>Washington, DC 20044 |
| General Counsel<br>**U.S. International Trade Commission**<br>500 E Street, SW<br>Washington, DC 20436 | The Honorable Lisa R. Barton<br>Secretary<br>**U.S. International Trade Commission**<br>500 E Street, SW<br>Washington, DC 20436 |
| Matthew L. Kanna<br>**Greenberg Traurig LLP**<br>2101 L Street, NW<br>Suite 1000<br>Washington, DC 20037 | Jordan C. Kahn<br>**Grunfeld, Desiderio, Lebowitz, Silverman & Klestadt LLP**<br>1201 New York Avenue, NW<br>Suite 650<br>Washington, DC 20005 |